**POTTS, Plaintiff-Appellant v. POTTS et, Defendants-Appellees.**

Ohio Appeals, Third District, Allen County.

No. 836.   Decided March 30, 1942.

B. F. Welty, Lima, for plaintiff-appellant.
J. F. Emans, Lima, for defendants-appellees.

## OPINION

By GUERNSEY, P. J.

This is an appeal upon questions of law and fact from a judgment of the Common Pleas Court of Allen county, Ohio, in an action pending therein wherein the appellant Charles Potts was plaintiff, and the appellees David Potts, Gladys M. Reynolds, Crayton Hoak, Irene M. Hoak and The Home Savings & Loan Company were defendants.

The action was brought originally by Charles Potts as plaintiff, against David Potts as defendant, but later an amended petition was filed by the plaintiff in which, in addition to David Potts, he made Gladys M. Reynolds, Crayton Hoak, Irene M. Hoak and The Home Savings & Loan Company parties defendant.

The case is submitted for trial de novo in this court upon such amended petition, the joint answer of Crayton Hoak and Irene M.

Hoak, the answer of Gladys M. Reynolds, the answer of The Home Savings & Loan Company and, the defendant David Potts having died subsequent to the commencement of the action, the separate answer of Crayton Hoak as executor of the Estate of David Potts, deceased, and the separate replies of the plaintiff to the answers of Crayton and Irene M. Hoak, Gladys M. Reynolds, and The Home Savings & Loan Company.

By stipulation of the parties the case is submitted upon a transcript of the evidence taken upon the trial of the case in the Common Pleas Court.

In his amended petition for his first cause of action, the plaintiff alleges:

That on the 10th day of March, 1936, David Potts entered into a written contract with Gladys M. Reynolds, the owner of certain real estate situated in Allen county, Ohio, which is specifically described, whereby David Potts purchased said premises and agreed to pay therefore the sum of $1460.00, payable $10.00 per month on the first day of each month, and to pay the taxes thereon and to keep the same insured for the benefit of Gladys M. Reynolds, and that said contract was filed for record on October 27, 1937, and recorded in the Record of Deeds of said county.

That David Potts made such payments upon said contract until the death of his wife in July, 1936, at which time David Potts entered into a verbal contract with plaintiff in which he agreed to transfer to plaintiff one-half interest under said contract provided plaintiff would pay one-half the payments due under said contract, one-half the taxes and insurance, and one-half of the improvements necessary under said contract.

That plaintiff in pursuance of said contract moved on and took possession of said premises and has paid one-half of the payments under said contract and one-half of the taxes and insurance and upkeep of said premises, and has made certain improvements on said premises, which are specifically described and the cost thereof itemized, and which enhanced the value of said premises.

That David Potts failed and refused to assign the one-half interest under said contract for the purchase of said premises.

For his second cause of action the plaintiff adopts all the allegations and averments set forth in his first cause of action, and alleges that the defendants David Potts, Gladys M. Reynolds, Crayton Hoak and Irene M. Hoak entered into a conspiracy for the purpose of defrauding plaintiff and in pursuance and furtherance of said conspiracy said defendant David Potts, on the 23rd day of August, 1941, cancelled said contract with Gladys M. Reynolds and on said day and in pursuance with, and in furtherance of said conspiracy, Gladys M. Reynolds deeded said premises to the defendants Crayton C. Hoak and Irene M. Hoak, husband and wife, which deed was recorded on the 28th day of August, 1941, in Vol. 255, page 464 in the Record of Deeds of Allen county, Ohio.

That thereafter and in furtherance of said conspiracy said Crayton C. Hoak and Irene M. Hoak, on the 23rd day of August, executed a mortgage for said premises to The Home Savings & Loan Company for the sum of $1100.00, which mortgage was recorded in Volume 231 at page 20 of the Record of Mortgages of Allen county, Ohio.

That all said defendants knew of the interest of plaintiff in said premises and had notice of plaintiff's claim under said contract.

Plaintiff prays for an order that the cancellation of said contract by and between David Potts and Gladys M. Reynolds be held null and void and for naught, that the deed from Gladys M. Reynolds to Crayton C. Hoak and Irene M. Hoak be cancelled and held void and for naught, and that the mortgage given to The Home Savings & Loan Company be cancelled and released and held void and for naught. That defendant David Potts be ordered to assign one-half interest under said contract to plaintiff and for such other relief as plaintiff may be entitled to in law and equity and for costs.

It will be noted that the plaintiff in his amended petition predicates his right to relief, solely upon an oral contract entered into between him and David Potts for the purchase by him from David Potts and the transfer by David Potts to him of one-half interest under a written contract entered into between David Potts and Gladys M. Reynolds of the real estate described in the amended petition, and partial performance of said oral contract of purchase by the plaintiff by way of taking possession of the premises. making payments thereon in conformity with the terms of said oral contract, and expending certain fixed amounts in making improvements thereon.

There are no averments, admissions or allegations in any of the other pleadings which may be considered as modifying in any respect the allegations of the amended petition predicating plaintiff's right to relief upon said oral contract of purchase of one-half interest under said written contract of purchase, and the partial performance of said oral contract of purchase by the plaintiff by way of taking possession of the premises, making payments thereon in conformity with the terms of said oral contract and expending certain fixed amounts in making improvements thereon, and there is no evidence tending to prove any other basis for relief that plaintiff may be entitled to in the premises.

Plaintiff's right to relief is therefore measured by and limited to the allegations of his amended petition.

Assuming that such allegations are supported by the evidence, and taking into consideration the fact conclusively established by the evidence that whatever possession the plaintiff had of the premises in question was had concurrently with his vendor David Potts, our first inquiry will be whether the facts pleaded and either assumed or found to be in evidence are such as entitle plaintiff to the relief prayed for, or any relief.

# 60

**Section 8621, GC,** among other things, provides that:

"No action will be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

Under this statutory provision oral contracts for the sale of land or an interest therein are unenforceable at law, and are also unenforceable in equity unless there has been such part performance of the terms thereof as to take such contract out of the purview of the statute. **19 O. Jur., page 589.**

An agreement by a vendee of real property to transfer his interest therein to a sub-purchaser, who contracts to buy it, is within the provisions of the Statute of Frauds requiring agreements in respect of real property to be in writing. **19 O. Jur., 589.** Annotation, **38 A. L. R., 1348.**

In order that possession may take a lease or contract for the sale of land out of the operation of the statute, the possession must be definite and exclusive; it must unequivocally show what land is possessed, and that it is possessed by the purchaser exclusively and not concurrently with the vendor; it must, in short, indicate the commencement of a new interest in the estate. **19 O. Jur., 624. Myers v. Croswell, 45 Oh. St., 543.** Pomeroy's Specific Performance. Section 121.

The joint or concurrent possession of land by both the vendor and vendee, is not sufficient to take a parol contract of sale out of the operation of §8621 GC. To have such effect the possession of the vendee must be definite and exclusive. **Thomas v. Watt, 15 Ohio Decisions, Nisi Prius, 427.**

It has long been well settled that mere payment of part of the purchase money of lands, there being no memorandum in writing of an agreement to sell, does not take the contract out of the Statute of Frauds, and this rule applies whether the payment be made in money or services. **19 O. Jur., 619, 620.**

Improvements made by a purchaser under an oral contract must be of such a character as to be incapable of compensation in damages in order to constitute part performance of such contract sufficient to take it out of the operation of the statute. **19 O. Jur., 627.**

Considering the facts pleaded and in evidence or assumed to be in evidence in this case, in the light of the foregoing rules, it is clear that the oral contract for the purchase of one-half interest in real estate purchased under written contract upon which plaintiff predicates his right to recovery, comes within the provisions of §8621 GC, and is unforce-

able unless there has been such a partial performance on the part of the plaintiff as to take it out of the operation of the statute.

The partial performance pleaded and in evidence or assumed to be in evidence consists of plaintiff taking possession of the premises purchased under said oral contract, making payments on the purchase price thereof, and making expenditures for certain improvements on said premises.

The possession taken was concurrent with the vendor's possession and does not constitute such a possession as is required to take an oral contract of the character mentioned, out of the operation of the statute; nor do the payments made on the purchase price have such effect; nor do the expenditures made for improvements, being of such a character as to be capable of compensation in damages, have such effect. Consequently the oral agreement is unenforceable and the plaintiff is not entitled to any relief in this action.

. Judgment will therefore be rendered in favor of defendants upon the issues joined and the petition of the plaintiff will be dismissed at his costs.

CROW and JACKSON, JJ., concur.